HARRY T. WHITLEY, Appellant, *v.* PACIFIC INDUSTRIES, INC., et al., Respondents.

First Department, October 19, 1967.

*Samuel M. Sprafkin* of counsel (*Mandel M. Einhorn* with him on the brief), for appellant.

*James P. O'Neill* of counsel (*James J. Dolan* with him on the brief; *Palmer, Serles, Delaney & Shaw,* attorneys), for Pacific Industries, Inc. and another, respondents.

*Leonard S. Leaman* of counsel (*Lord, Day & Lord,* attorneys), for Jakob Isbrandtsen, respondent.

McGIVERN, J. Plaintiff appeals from orders dismissing his complaint for insufficiency and the judgments entered thereon. The complaint is based on an alleged breach of an employment agreement between plaintiff and defendant Pacific Industries, Inc., and on the further allegation that defendants Isbrandtsen and Bishop maliciously interfered with the same.

Defendants Pacific and Bishop moved to dismiss the complaint pursuant to CPLR 3211 (subd. [a], par. 7) on the ground it failed to state a cause of action. Bishop moved for dismissal pursuant to subdivision 8 of this same rule 3211 on the further ground that the court did not have jurisdiction of his person.

Defendant Isbrandtsen similarly moved pursuant to CPLR 3211 for dismissal of the complaint on the grounds of insufficiency and in the alternative asked for summary judgment.

This court embraces the basic reasoning and the action of the court below in dismissing the complaint, but feels that the submission should have been treated as a motion for summary

judgment and the complaint unqualifiedly dismissed. Such a course was clearly indicated pursuant to CPLR 3211 (subd. [c]) which notes, in part, that on a hearing to dismiss for insufficiency " either party may submit any evidence that could properly be considered on a motion for summary judgment and the court may treat the motion as a motion for summary judgment ". Weinstein-Korn-Miller state in their work New York Civil Practice (vol. 4, par. 3211.01, p. 32–17): " The effect of permitting submission of matter dehors the pleading on motions testing legal sufficiency will be to sometimes transform them into motions testing the factual or evidentiary basis, as well as the legal basis, for the claim or defense; so treated, they serve much the same function as a motion for summary judgment. The focus of the inquiry will be whether the pleader *has* a claim or defense rather than whether he has properly stated one."

The facts herein called for a dismissal on the merits. The plaintiff simply had no contract independent of the resolution of the board of directors, dated October 13, 1966, and this resolution explicitly declared he was " to serve at the pleasure of the Board." This was his contract. There is no other. Asserting there was an independent contract will not make it so. The attempts of plaintiff to trace out some sort of an oral contract come to naught. True, in his affidavit, plaintiff feebly states that he " requested " the board to consider and act upon the renewal of his employment as president. And on October 13, 1966, he " reminded " the board it had to make a decision relative to his continued employment. Then, jumping a wide chasm, he concludes that he was re-elected president and it was " agreed " his employment was to be for one year. Unfortunately, the only memento of this " agreement " is to be found in the board resolution, and an integral part of that resolution is the qualification that plaintiff was " to serve at the pleasure of the Board." All done in accordance with the by-laws.

It is noteworthy that in the interval between November 18, 1966 when plaintiff was requested to resign and November 29, 1966 when he was dismissed he at no time asserted that the dismissal was in contravention of any contract. He contented himself with deploring the action of the board in ejecting him from office and requested an orderly transmission of authority to his successor. The fact that these minutes were not approved until after his removal as president is of no moment. Subsequent approval is a practice not uncommon in corporate affairs. Indeed, it is a perfunctory and accepted method of procedure. And herein, there is not the slightest intimation of alteration or inaccuracy.

Thus, in view of the fact we have here nothing but an employment agreement, on its face terminable at will, the motives of the defendants in discharging plaintiff become irrelevant. Nor is there occasion to reach the question of personal jurisdiction vis-a-vis the defendant Bishop.

Treating the motions of the defendants as motions for summary judgment, they should be granted, and the complaint should be dismissed, with costs against appellant.

McNALLY, J. (dissenting). The orders and judgments granting summary judgment dismissing the complaint should be reversed, on the law, and the motions therefor denied.

The complaint, as amplified by plaintiff's opposing affidavit, alleges his employment by the corporate defendant for the period October 13, 1966, to September 30, 1967, at the annual salary of $55,000. Defendants contend the employment was one terminable at will. The issue is one of fact, which may not be resolved without a trial. (*Millerton Agway Co-op.* v. *Briarcliff Farms,* 17 N Y 2d 57.)

CAPOZZOLI and TILZER, JJ., concur with McGIVERN, J.; McNALLY, J., dissents in an opinion in which EAGER, J. P., concurs.

Orders and judgments affirmed with $50 costs and disbursements to the respondents; the motions, being treated as motions for summary judgment, are granted.